Louisa Thompson, Respondent, *v.* Julia Howd, Appellant.

(County Court, Oneida County, October, 1897.)

1. False representations — Burden of proof.

   Where the plaintiff sues to rescind a contract to buy a house, to be removed from premises, upon the ground that the defendant falsely represented that the house was not incumbered; the burden of showing the falsity of the representations is upon the plaintiff; and if she fails to sustain it, she cannot recover.

2. Money paid out — Value of services must be shown.

   A plaintiff cannot recover for money paid for services in examining a title, which she alleges failed, unless she establishes, not merely the amount of her payment, but also the value of the services.

Appeal from a judgment rendered by a justice of the peace, for $20 damages and $4.40 costs against defendant. On the 10th day of October, 1896, plaintiff purchased a house known as the " Pierce House " from defendant, the house to be removed from the premises. The agreed price of the house was $25, and plaintiff paid defendant on account $12 and took her receipt therefor. At that time plaintiff asked defendant if the premises were incumbered and she replied no. Plaintiff then procured George F. Morss to examine the title to the premises and agreed to pay him $8 therefor. Subsequently plaintiff told defendant that she had learned that there was a mortgage on the place and defendant said there was not; that she had given no mortgage except upon the

homestead. Plaintiff demanded that defendant should either return the money or procure a release of the property. Defendant refused but told plaintiff to pay her the balance of the money and remove the house, insisting that she had a right to sell it. Upon the trial a Mr. Johnson testified that he and his partner had a mortgage upon defendant's property subject to her right to sell the house in question. The justice rendered a judgment for plaintiff for the $12 paid on account, and the $8 which plaintiff had agreed to pay Mr. Morss, in all $20 besides costs.

Charles R. Coville, for appellant.

George F. Morss, for respondent.

DUNMORE, J. No evidence whatever was given as to the value of the services of Mr. Morss in examining the title. Very likely they were worth the amount charged, but the fact was not proven. Plaintiff testified that she had agreed to pay $8, but that did not establish their value. Even upon plaintiff's theory defendant was liable only for the value of those services and the burden to prove their value was upon the plaintiff. Supposing plaintiff had agreed to pay $100, would defendant be liable to pay that sum in the absence of any proof that the services were worth that amount? The justice erred in including that item in the amount of damages allowed. This error would not necessarily require a reversal of the judgment, but would require a modification of it. But there is another question which, I think, must dispose of the entire case. Plaintiff sought to rescind the contract and recover back the amount of money paid and any damages she had sustained on the ground that by reason of alleged fraudulent statements of defendant in representing that the property was free from incumbrances the contract was voidable.

Plaintiff was sworn as a witness and gave her version of the conversation at the time the house was purchased, and the $12 paid on account, as follows: "I asked her if she had the right to sell the house; she said it was hers individually. I asked her if there was any claims, any mortgages. She said no." Plaintiff's husband testified that he was present and gave his version, as follows: "My wife asked her who the house belonged to. She said it belonged to her individually. My wife asked her if there were any claims on the property. She said there were not."

The only evidence tending to show that the above statements were not true was given by Johnson, one of the alleged mortgagees. His evidence upon that question, so far as shown by the return, is as follows:

" Q. Were the firm of Davies & Johnson the owners of a mortgage given by the defendant to them prior to October 10, 1896, and which covers the house in question was situated? "

Objected to, etc.

"A. Yes; the mortgage has not been paid in full."

" Q. Was this mortgage a lien upon this property in October, 1896, and continues to be a lien upon this same property down to the present time? "

Objected to, etc.

"A. Subject to the right of Mrs. Howd to sell this house in question."

This was all the evidence before the justice to sustain a finding that defendant's representations were untrue. The burden of proof was upon plaintiff not only to show that the representation was made but also to show that it was false. Johnson testified that the lien of the mortgage was subject to the right of defendant to sell the house. If that was so, and there was no evidence to the contrary, defendant very likely understood and believed that the house in question was not incumbered and that was substantially the truth. There was, therefore, no misrepresentation as to any material fact. I am of the opinion that plaintiff failed to prove that defendant's representation was untrue and consequently was not entitled to recover.

The judgment must, therefore, be reversed, with costs.

Judgment reversed, with costs.